UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

JESUS RAMOS,

    Plaintiff,

vs.

PRESTIGE AUTO TOWING CORP.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESUS RAMOS, sues Defendant, PRESTIGE AUTO TOWING CORP., and states as follows:

1. Plaintiff, JESUS RAMOS, is a former employee of Defendant, PRESTIGE AUTO TOWING CORP., and brings this action on behalf of himself for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq..

2. Plaintiff, JESUS RAMOS, is a resident of Miami-Dade County, Florida, and within the jurisdiction of this Honorable Court.

3. Defendant, PRESTIGE AUTO TOWING CORP. is a corporation organized and existing under the laws of the State of Florida, doing business in Miami-Dade County, Florida, and within the jurisdiction of this Court.

4. This action is brought to recover from Defendant, PRESTIGE AUTO TOWING CORP., unpaid overtime wages, as well as an additional amount in liquidated damages, costs, and reasonable attorney's fees under the provisions of Title 29 U.S.C. §201 et. seq., and specifically under the provisions of 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, and by Title 29 U.S.C. § 216(b).

6. Defendant, PRESTIGE AUTO TOWING CORP., was, at all times pertinent to this Complaint, engaged in interstate commerce. At all times pertinent to this Complaint, Defendant, PRESTIGE AUTO TOWING CORP., owned and operated a company that provides repossession and towing services to individuals, banks and businesses both within and without the State of Florida. Moreover, Defendant moves goods, such as vehicles, boats and other items that have traveled and/or are continuing to travel in interstate commerce.

7. It is believed that the gross annual revenue of Defendant, PRESTIGE AUTO TOWING CORP., was at all times material hereto in excess of $500,000 per annum.

8. By reason of the foregoing, Defendant, PRESTIGE AUTO TOWING CORP. was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 ( r) and 3(s) of the Act, 29 U.S.C. §203 ( r) and 203(s).

9. Plaintiff, JESUS RAMOS, was employed by Defendant, PRESTIGE AUTO TOWING CORP., as a front desk clerk and dispatcher. In this capacity, Plaintiff, JESUS RAMOS, regularly and routinely accepted interstate credit card payments for services he provided as Defendant's employee. By reason of such employment Plaintiff, JESUS RAMOS, was employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). The work performed by Plaintiff was directly essential to the business activities in interstate commerce by Defendant, PRESTIGE AUTO TOWING CORP., which was directly essential to the business performed by Defendant. Plaintiff, by virtue of his activities, was engaged in interstate commerce.

10. At all times material hereto, Defendant failed to comply with the Act, in that

Plaintiff performed services for Defendant, but no provision was made by Defendant to properly compensate Plaintiff time and one-half for hours worked in excess of forty (40) hours per work week.

11. Plaintiff's employment with Defendant provided for compensation on a flat salary of $800 per week. Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week.

12. In the course of his employment with Defendant, Plaintiff worked the number of hours required of him, but was not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per work week. Specifically, Plaintiff worked approximately 110 weeks during the three preceding years. His daily schedule was from 7:00 am to 7:00 pm. He normally worked Monday through Saturday with a one hour lunch break only Monday through Friday and not on Saturdays for a total of 67 hours per week.

13. The records, if any, concerning the weeks and number of hours actually worked by Plaintiff are in the possession, custody, and control of Defendant.

## COUNT I
### RECOVERY OF OVERTIME WAGES

14. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 13 above, as if fully set forth herein.

15. Plaintiff, JESUS RAMOS, is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

16. Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees by reason of the said intentional, willful and unlawful acts of Defendant PRESTIGE AUTO TOWING CORP.

17. Defendant, PRESTIGE AUTO TOWING CORP.'s, failure to pay Plaintiff in

accordance with the Act was not based on reasonable grounds and was not in good faith.

18.     As a result of Defendant, PRESTIGE AUTO TOWING CORP.'s, lack of good faith and reasonable grounds in disregarding the Act, Plaintiff is entitled to liquidated damages in an amount equal to unpaid wages.

WHEREFORE, for all work weeks beginning on or after November 1, 2016, Plaintiff demands judgment against Defendant, PRESTIGE AUTO TOWING CORP., for the wages and overtime compensation due him for the hours worked by him for which he has not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, JESUS RAMOS, submits this demand for jury trial for all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

    Respectfully Submitted,

    TERI GUTTMAN VALDES LLC
    Counsel for Plaintiff
    1501 Venera Avenue
    Suite 300
    Miami, Florida 33146
    Telephone: (305) 740-9600
    Facsimile: (305) 740-9202
    E-mail: tgvaldes@aol.com

    /s/Teri Guttman Valdes
    Teri Guttman Valdes
    Florida Bar No. 0010741